FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/7/2020 9:59 AM
JAMIE SMITH
DISTRICT CLERK
E-205085

CAUSE NO. E-205085

| | | |
|---|---|---|
| EVELIO DIAZ, ALFREDO DIAZ and EDWIN RODRIGUEZ | § § § § | IN THE DISTRICT COURT OF |
| V. | § § | JEFFERSON COUNTY, TX |
| KETTLEY TRUCKING, INC., BIG RIVER LUMBER COMPANY, LLC, and MALCON HANDY | § § § | 172nd th JUDICIAL STRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Evelio Diaz, Alfredo Diaz and Edwin Rodriguez (collectively "Plaintiffs") and files their Original Petition complaining of Kettley Trucking, Inc., Big River Lumber Company, LLC, and Malcon Handy (collectively, "Defendants"), and in support thereof would show as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.3.

### II. JURISDICTION

This Court has jurisdiction over the parties to this suit and has subject matter jurisdiction over the controversies between the parties. Plaintiffs make a claim for damages for a monetary amount in controversy within the jurisdiction of this Court. Plaintiffs seeks monetary relief over $1,000,000.

### III. PARTIES

Plaintiffs are individuals residing in Jefferson County, Texas.

Defendant, Kettley Trucking, Inc., is a foreign company who does not maintain a registered agent in Texas. As such, Kettley Trucking, Inc. can be served at its business address located at 639 Garden City Road SW, Roxie, Mississippi 39661.

Defendant, Big River Lumber Company, LLC, is a foreign company who does not maintain a registered agent in Texas. As such, Big River Lumber Company, LLC, can be served at its business address located at 9805 Highway 24 East, Centerville, Mississippi 39631.

Defendant, Malcon Handy, is an individual residing in Franklin County, Mississippi and may be served with citation at his residence located at 21 Miracle Road, Roxie, Mississippi 39661.

## IV.  **VENUE**

Venue is proper in Jefferson County because Jefferson County is the county in which all or a substantial part of the events or omissions giving rise to these claims occurred. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

## V.  **FACTS**

On or about August 9, 2019, Plaintiffs were traveling eastbound in the far-left hand lane of I-10 near Laurel Avenue in Beaumont, Jefferson County, Texas. At the same time, Defendant Handy, driving an 18-wheeler owned by Kettley Trucking, Inc and/or Big River Lumbar Company, LLC, was entering onto I-10 eastbound from the service road, when he proceeded across all lanes of traffic into the far-left hand lane and collided with Plaintiff's vehicle. After the collision, Defendant Handy continued to drive eastbound on I-10 until he was stopped by local law enforcement agencies. At all pertinent times, Defendant Handy was in the course and scope of his employment with Defendant Kettley Trucking, Inc. Plaintiffs sustained personal injuries to their neck, back, and body in general as a result of the collision.

## VI. NEGLIGENCE

Defendant Handy is liable for Plaintiff's injuries and damages because of numerous negligent acts and omissions; including, but not limited to the following:

a. Failure to drive in a single lane;

b. In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

c. In failing to maintain a safe distance between the motor vehicle he was operating and Plaintiffs' vehicle;

d. In failing to maintain a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

e. In failing to stay alert;

f. In failing to properly and timely apply the brakes;

g. In failing to turn, swerve, or otherwise maneuver the vehicle in order to avoid the collision made the basis of this suit; and

h. Various other acts of negligence and negligence per se to be specified at the time of trial.

Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiff's injuries and damages.

## VII. NEGLIGENT ENTRUSTMENT

Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC entrusted its vehicle to Defendant Handy. Defendant Handy was an incompetent and reckless driver. Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC knew or should have known that Defendant Handy was incompetent and reckless at the time of the collision. Defendant Handy was negligent at the time of the Plaintiff's injury. These acts of negligence are laid out in the negligence paragraph above. Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC

could reasonably have anticipated that entrusting a vehicle to an incompetent and reckless driver would result in an injury. Furthermore, the likelihood of catastrophic damage is far greater with an incompetent and reckless driver behind the wheel of an 18-wheeler. Defendant Handy's negligence proximately caused injury to Plaintiffs, which resulted in serious bodily injury.

### VIII.    NEGLIGENT HIRING/NEGLIGENCE PER SE

Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC negligently hired, supervised, trained, and/or retained Defendant Handy to drive an 18-wheeler tractor trailer for Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC by employing an incompetent and reckless driver.

### IX.    RESONDEAT SUPERIOR

Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC is liable for the negligent acts of Defendant Handy through the doctrine of respondeat superior. At all times material, Defendant Handy was an agent or employee acting within the course and scope of his employment Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC. Defendant Handy was under the direct control of Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC. Specifically, Defendant Handy was operating Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC's vehicle with actual expressed authority intentionally conferred upon Defendant Handy by Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC. Defendant Handy was acting in furtherance of Defendant Kettley Trucking, Inc. and/or Big River Lumbar Company, LLC's business and for the accomplishment of the object for which Defendant Handy was employed.

## VII. DAMAGES

As a result of the injuries sustained by Plaintiffs as a result of the collision made the basis of this suit, Plaintiffs hereby sue for the following items of damage:

a. Physical pain and suffering in the past;

b. Physical pain and suffering the Plaintiff will experience in the future;

c. Mental anguish suffered in the past;

d. Mental anguish the Plaintiff will experience in the future;

e. Medical expenses incurred in the past;

f. Medical expenses the Plaintiff will incur in the future;

g. Physical impairment suffered in the past; and

h. Physical impairment the Plaintiff will suffer in the future.

By reason of the facts hereinabove alleged, Plaintiff has been made to suffer and sustain at the hands of the Defendants damages within the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.

## VIII. PREJUDGMENT AND POSTJUDGMENT INTEREST

Plaintiffs seeks prejudgment and post judgment interest as allowed by law.

## IX. COURT COSTS

Plaintiff sue to recover court costs as allowed by law.

Plaintiffs sue Defendants for all of the causes of action pled in this petition jointly and severally, for all of the damages Defendants caused Plaintiff herein.

## X. DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial and has tendered the appropriate fee.

## XI. REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Plaintiffs request that each of the Defendants disclose the information or material described in Rule 194.2 within fifty (50) days of the service of this request.

## XII. RULE 193.7 NOTICE

Plaintiffs intend to use Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiffs have judgment against Defendants for actual damages, economic damages, and prejudgment and post judgment interest. Plaintiffs additionally requests that the Court award reasonable and necessary costs pursuant to the Texas Civil Practice & Remedies Code, and for such other and further relief, at law or in equity, general or special, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**REES LAW FIRM**

/s/ Cody Rees
Cody Rees
State Bar No. 24083719
215 Orleans Street, Suite 100
Beaumont, Texas 77701
P: 409-291-5119
F: 409-600-2196
crees@reeslawfirm.com

**ATTORNEY FOR PLAINTIFFS**