| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| EVELIO DIAZ, ALFREDO DIAZ, and EDWIN RODRIGUEZ, | § § § § § | |
| Plaintiffs, | § | |
| *versus* | § § | CIVIL ACTION NO. 1:20-CV-51 |
| KETTLEY TRUCKING, INC., MALCON HANDY, and BIG RIVER LUMBER COMPANY, LLC, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Malcon Handy's ("Handy") Rule 12(e) Motion for More Definite Statement (#5). Plaintiffs Evelio Diaz, Alfredo Diaz, and Edwin Rodriguez ("Plaintiffs") have not filed a response. Having considered the motion, the pleadings, and the applicable law, the court is of the opinion that the motion should be granted.

I.    Background

Plaintiffs allege that on August 9, 2019, they suffered personal injuries as a result of a collision between the motor vehicle in which they were traveling and an 18-wheeler driven by Handy and owned by Defendant Kettley Trucking, Inc. ("Kettley"), and/or Defendant Big River Lumber Company, LLC ("Big River"). On January 7, 2020, Plaintiffs filed suit in the 172nd Judicial District Court of Jefferson County, Texas. On February 12, 2020, Handy removed the action to this court on the basis of diversity jurisdiction. On February 19, 2020, Handy filed the instant motion, prior to filing his answer to Plaintiffs' Complaint.

II.     Motion for More Definite Statement

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. (8)(2). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see Jones v. Gee*, No. CV 18-5977, 2020 WL 564956, at *8 (E.D. La. Feb. 5, 2020) ("When evaluating a motion for a more definite statement, courts must look to Federal Rule of Civil Procedure 8 for the minimal pleading requirements when analyzing the complaint."). A Rule 12(e) motion requires a court to determine whether the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).

"The pleading standard Rule 8 announces does not require detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, "Rule 12(e) motions are generally disfavored and are used 'to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.'" *Jiminez v. Regius Verus Foods, LLC*, No. 5:14-CV-1021, 2015 WL 128157, at *1 (W.D. Tex. Jan. 8, 2015) (quoting *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001)); *accord Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) ("In view of the great liberality of [Rule 8], permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss."). Yet, "[w]hether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Di Piazza v. Weather Grp. Television, LLC*, No. 5:19-CV-060-C,

2019 WL 8107920, at *2 (N.D. Tex. June 3, 2019) (quoting *Brown v. Whitcraft*, No. CIV.A.3:08CV0186-D, 2008 WL 2066929, at *1 (N.D. Tex. May 15, 2008)).

"When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Lehman Bros. Holdings v. Cornerstone Mortg. Co.*, No. CIV.A. H-09-0672, 2009 WL 1504977, at *1 (S.D. Tex. May 28, 2009) (collecting authorities). Nevertheless, "[a] district court will grant a Rule 12(e) motion for a more definite statement when the pleading at issue 'is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" *Matthews v. Soc. Sec. of La.*, No. CIV.A.01-2267, 2002 WL 1022267, at *2 (E.D. La. May 20, 2002); *see TransCanada USA Operations, Inc. v. Michels Corp.*, No. CV H-18-4483, 2019 WL 7372164, at *2 (S.D. Tex. Dec. 31, 2019).

"[P]arties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading." *Accresa Health LLC v. Hint Health Inc.*, No. 4:18CV536, 2018 WL 6626551, at *3 (E.D. Tex. Nov. 28, 2018) (quoting *Hoffman v. Cemex, Inc.*, No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009)), *adopted by* 2018 WL 6617707 (E.D. Tex. Dec. 18, 2018). "A complaint that contains a 'bare bones' allegation that a wrong occurred and that does not plead any of the facts giving rise to the injury does not provide adequate notice." *Matthews*, 2002 WL 1022267, at *2 (citing *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)). "In such cases, the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiff to amend." *Sudduth v. Lowndes Cty., Miss.*, No. 1:18-CV-51-SA-DAS, 2019 WL 982861, at *4 (N.D. Miss. Feb. 28, 2019); *see Wagner v.*

*First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) (holding that district courts have a "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates"); *Beanal*, 197 F.3d at 163 (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

Here, Handy requests a more definite statement of Plaintiffs' claim for "Negligent Hiring/Negligence Per Se," which consists of the following sentence in Plaintiffs' Complaint: "Defendant Kettley Trucking and/or Big River Lumbar [sic] Company, LLC negligently hired, supervised, trained, and/or retained Defendant Handy to drive an 18-wheeler tractor trailer for Defendant Kettley Trucking, Inc. and/or Big River Lumbar [sic] Company, LLC by employing an incompetent or reckless driver." This boilerplate allegation that Kettley and/or Big River committed a wrong provides no factual basis for Plaintiffs' negligent hiring/negligence per se claim. Plaintiffs fail to specify the alleged actions or inactions of Kettley and/or Big River related to the hiring, supervising, training, and/or retaining of Handy, or how any such acts or omissions proximately caused the accident. They also supply no factual underpinnings for their characterization of Handy as an incompetent or reckless driver prior to Handy's employment and/or retention by Defendants. Furthermore, the Complaint is devoid of any reference to a statute, regulation, or rule that could serve as the foundation for a negligence per se claim. *See, e.g.*, *Ybarra v. Ameripro Funding, Inc.*, No. 01-17-00224-CV, 2018 WL 2976126, at *9 (Tex. App.—Houston [1st Dist.] June 14, 2018, pet. denied) (holding that to establish negligence per se, a plaintiff must prove, in part, that "the defendant's act or omission is in violation of a statute

or ordinance"). Thus, Plaintiffs' Complaint lacks sufficient factual allegations to provide adequate notice as to their cause of action for "Negligent Hiring/Negligence Per Se."

III.     Conclusion

Consistent with the foregoing, Handy's Rule 12(e) Motion for More Definite Statement (#5) is GRANTED.  Plaintiffs are ordered to file an amended complaint with a more definite statement describing their cause of action for "negligent hiring/negligence per se" with underlying factual contentions within 14 days of this order.

SIGNED at Beaumont, Texas, this 2nd day of April, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE