IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EVELIO DIAZ, ALFREDO DIAZ, AND EDWIN RODRIGUEZ | § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:20-CV-51 |
| KETTLEY TRUCKING, INC., BIG RIVER LUMBER COMPANY, LLC, AND MALCON HANDY | § § § § § | |
| *Defendants.* | § § | |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFFS' CLAIMS FOR PAST MEDICAL EXPENSES

Defendants Kettley Trucking and Malcon Handy would respectfully show the Court as follows:

### SUMMARY

1.      The reasonableness of Plaintiffs' claimed medical expenses is a disputed issue in this case. Even assuming *arguendo* that Plaintiffs' affidavits served pursuant to Texas Civil Practice and Remedies Code Section 18.001 were timely and were sufficient to support their medical bills in federal court, Defendants have controverted those affidavits as provided by Sec. 18.001(e). Plaintiffs have disclosed no experts and produced no documents disclosing any expert opinions regarding the reasonableness of their claimed past medical expenses. Without expert opinions as to reasonableness, Plaintiffs' claims for past medical expenses fail as a matter of law. Defendants are therefore entitled to summary judgment on these claims.[1]

---

[1] Defendants are expressly not including in this Motion medical expenses in the amount of $2,922.81 from Pasadena Chiropractic & Rehab claimed by Plaintiff Evelio Diaz. Defendants reserve the right to amend or request exclusion of this claimed amount or bill on other grounds.

## I.    APPENDIX / EVIDENCE PRESENTED

2.    The following materials are incorporated as referenced herein as if reproduced verbatim:

**Exhibit 1**    Sec. 18.001 Affidavits of Plaintiff Alfredo Diaz

**Exhibit 2**    Controverting Affidavit of Marcus Murphy relating to claimed medical expenses of Plaintiff Alfredo Diaz

**Exhibit 3**    Sec. 18.001 Affidavits of Plaintiff Edwin Rodriguez

**Exhibit 4**    Controverting Affidavit of Marcus Murphy relating to claimed medical expenses of Plaintiff Edwin Rodriguez

**Exhibit 5**    Sec. 18.001 Affidavits of Plaintiff Evelio Diaz

**Exhibit 6**    Controverting Affidavit of Marcus Murphy relating to claimed medical expenses of Plaintiff Evelio Diaz

3.    Defendants would note for the Court that the Controverting Affidavits which are filed as Exhibits 2, 4 and 6 are not offered as evidence of the substance contained in said Affidavits. These affidavits, which were served via email to Plaintiffs' counsel on August 3, 2020, are offered as evidence of Defendants' compliance with the procedural requirements for controverting 18.001 affidavits provided in Texas Civil Practice and Remedies Code Sec. 18.001(e).

4.    Defendants also specifically object to and challenge the statements of the various custodians of records in Plaintiffs' 18.001 affidavits filed as Exhibits 1, 3 and 5 relating to the reasonableness of Plaintiffs' claimed medical expenses. These affidavits are not filed as evidence of the truth of the matter attested to therein, which Defendants expressly dispute, but solely for the Court's reference on the issues discussed in this Motion.

## II. RELEVANT FACTS

5.       Following the parties' Rule 26(f) conference and the initial scheduling conference with the Court, the Court entered the Scheduling Order for this case on April 3, 2020.[2] As noted in the Court's Memorandum Docket Entry regarding the scheduling conference and as described in the parties' proposed scheduling order, the dates and deadlines in the Court's Scheduling Order were agreed to by the parties.[3]

6.       Under the Court's Scheduling Order, Plaintiffs' deadline to designate expert witnesses was September 1, 2020.[4]  The parties' deadline to conduct discovery was November 2, 2020.[5]  Other than the depositions of the Plaintiffs, which will occur on December 16 after the close of discovery by agreement of the parties, no extensions of any applicable deadlines have been conferred on by the parties and none have been requested from the Court.

7.       Plaintiff Alfredo Diaz is claiming $18,386.96 in past medical expenses. He has produced 18.001 affidavits attesting to the reasonableness of a total of $17,068.00.[6] He has produced no affidavits and disclosed no experts to testify as the reasonableness of the remaining $1,318.96. The reasonableness of the amounts listed in Plaintiff Alfredo Diaz' affidavits has been challenged by Defendants through a controverting affidavit.[7]

8.       Plaintiff Edwin Rodriguez has produced 18.001 affidavits attesting to $33,162 in past medical expenses.[8]  According to his disclosures, he is claiming over $80,000 in past medical

---

[2] See Docket Entry 16.
[3] See Docket Entry 13 (Memorandum Entry on scheduling conference) and Docket Entry 12 (the parties' proposed Scheduling Order which was adopted by the Court).
[4] See Docket Entry 16.
[5] Id.
[6] See Exh. 1, 18.001 Affidavits of Alfredo Diaz.
[7] See Exh. 2, Controverting Affidavit of Marcus Murphy regarding Alfredo Diaz.
[8] See Exh. 3, 18.001 Affidavits of Edwin Rodriguez.

expenses; however, none of the additional bills have been supported by 18.001 affidavits or expert testimony as to reasonableness and necessity. The reasonableness of the amounts listed in Plaintiff Edwin Rodriguez' affidavits has been challenged by Defendants through a controverting affidavit.[9]

9.      Plaintiff Evelio Diaz has produced 18.001 affidavits attesting to $28,440.81 in past medical expenses.[10]  Despite this, he has only disclosed $25,518 in claimed past medical expenses. Except for a bill and affidavit for $2,922.81 from Pasadena Chiropractic and Rehab which is not at issue in this motion, the reasonableness of the amounts listed in Plaintiff Evelio Diaz' affidavits has been challenged by Defendants through a controverting affidavit.[11]

10.      This Motion is filed two and a half months after Plaintiffs' deadline to designate expert witnesses, and two weeks after the close of discovery. As of the filing of this Motion, Plaintiffs have not designated any experts to opine on the reasonableness of their claimed medical bills. Plaintiffs have also produced no documents or reports prepared by any retained or nonretained expert on the subject of the reasonableness of their claimed medical expenses.

### III. ARGUMENTS AND AUTHORITY

### Summary Judgment Standard

11.      Under Rule 56 of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[9] See Exh. 4, Controverting Affidavit of Marcus Murphy relating to Edwin Rodriguez.
[10] See Exh. 5, 18.001 Affidavits of Evelio Diaz.
[11] See Exh. 6, Controverting Affidavit of Marcus Murphy relating to Evelio Diaz.

12.     The party seeking summary judgment bears the initial burden of stating the basis for its motion, and identifying the portions of the record that show no genuine issue as to any material fact exist.[12] Summary judgment is proper as long as the record demonstrates no genuine issue as to any material fact.[13] A movant may support a motion for summary judgment "by pointing out that there is no evidence to support a specific element of a nonmovant's claim.[14]

**Without expert testimony or opinions as to reasonableness, Plaintiffs' claims for past medical expenses fail as a matter of law.**

13.     "Under Texas law, a claim for past medical expenses must be supported by evidence that such expenses were reasonable."[15] Evidence that medical treatment was provided "and the amounts charged therefore does not constitute evidence of probative force that the charges are reasonable."[16]

14.     If a plaintiff presents 18.001 affidavits and the defendant obtains and serves controverting affidavits, as Defendants did in this case, a plaintiff cannot rely on 18.001 affidavits and is required to prove "the reasonableness and necessity [of claimed medical expenses] through expert testimony."[17] The legal requirement of expert testimony to support reasonableness once an 18.001 affidavit has been controverted has been reiterated repeatedly by numerous Texas appellate courts since section 18.001 was enacted.[18]

---

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[13] *Id.*

[14] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, fn. 10 (5th Cir. 2017), citing favorably to *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999) and distinguishing *Ashe v. Corley*, 992 F.2d 540 (5th Cir. 1993).

[15] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004), citing *Six Flags over Texas, Inc. v. Parker*, 759 S.W.2d 758, 760-61 (Tex. App.—Fort Worth 1988, no writ); *Monsanto Co. v. Johnson*, 675 S.W.2d 305, 312 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

[16] *Id*, citing *Dallas Ry. & Terminal Co. v. Gossett*, 295 S.W.2d 377, 383 (Tex. 1956).

[17] TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b); *Gunn v. McCoy,* 489 S.W.3d 75; *Rizzuti v. Smith,* 09-14-00323-CV, 2016 WL 908263, at *3 (Tex. App.—Beaumont Mar. 10, 2016, no pet.); *Hong v. Bennett*, 209 S.W.3d at 800–01; *Allright, Inc. v. Strawder,* 679 S.W.2d 81 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.).

[18] See, e.g., *Henry v. Thompson*, 2003 Tex. App. LEXIS 2246, *8 (Tex. App.—Houston [1st Dist.] Mar. 13, 2003, no pet.); *City of Laredo v. Limon*, 2013 Tex. App. LEXIS, *17 (Tex. App.—San Antonio Nov. 6, 2013, no pet.); *Rountree v. Cavazos*, 2017 Tex. App. LEXIS 5888, *2-3 (Tex. App.—Dallas June 26, 2017, no pet.).

15.     Defendants have controverted Plaintiffs' 18.001 affidavits. Plaintiffs were on notice that the reasonableness of their medical bills was a disputed issue in this case since before their expert designation deadline.

16.     Plaintiffs have disclosed no retained experts under Rule 26(a)(2)(B). Plaintiffs have disclosed no unretained experts under Rule 26(a)(2)(C). None of the written medical records produced by Plaintiffs contain any opinions by any potential expert as to the reasonableness of Plaintiffs' claimed medical expenses.

17.     Without expert testimony establishing the reasonableness of Plaintiffs' claimed medical expenses, these claims fail as a matter of law. Defendants therefore request summary judgment on Plaintiffs' claims for past medical expenses.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request judgment as a matter of law on Plaintiffs' claims for past medical expenses, except for the $2,922.81 claimed by Evelio Diaz from Pasadena Chiropractic and Rehab as discussed herein.

Respectfully submitted,

**THE FUENTES FIRM, P.C.**

*/s/David Helmey*
ROBERT FUENTES
State Bar No. 24005405
Federal Bar No. 28591
DAVID HELMEY
State Bar No. 24092504
Federal Bar No. 2790922
5507 Louetta Road, Suite A
Spring, Texas 77379
Telephone: (281) 378-7640
Facsimile: (281) 378-7639
robert@fuentesfirm.com
david@fuentesfirm.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record through the Court's ECF system on November 17, 2020.

/s/ David Helmey
DAVID HELMEY